OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12 and shall not be considered controlling authority except as provided in Rule 2(G)(1) of the Supreme Court Rules for Reporting of Opinions.
Appellant, Robbie E. Blevins, appeals a judgment of the Lima Municipal Court, Allen County, Ohio, convicting him of soliciting, in violation of R.C. 2907.24(A). For the reasons that follow, we affirm the judgment of the trial court.
On October 10, 1999, undercover officers of the Lima Police Department were conducting a prostitution sting near the vicinity of Main Street and Vine Street. Tina Burd, a law enforcement student participating in an internship program with the Lima Police Department, was assisting officers by posing as a prostitute and wearing a microphone so that police could monitor her activities. Appellant was arrested after police officers monitored a conversation he had with Tina, wherein he solicited sexual activity from her for hire.
On October 12, 1999, a complaint was filed charging Appellant with one count of soliciting in violation of R.C. 2907.24(A). Appellant pled not guilty on October 15, 1999. Thereafter, on May 24, 2000, a trial to the bench was held on this matter and Appellant was subsequently found guilty. On August 15, 2000, the trial court entered judgment, sentencing Appellant to ten days in jail and fining him two hundred fifty dollars.
Appellant now appeals the judgment of the trial court, assigning one error for our review.
 The trial court erred in finding the Defendant guilty of Soliciting, in violation of O.R.C. 2907.24, when such a verdict is against the manifest weight of the evidence.
 The proper standard to employ when considering an argument that a conviction is against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Thompkins, at 387, quoting Black's Law Dictionary (6 Ed. 1990) at 1594. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, at 387.
The offense of solicitation is contained in R.C. 2907.24, which states in relevant part:
 (A) No person shall solicit another to engage with such other person in sexual activity for hire.
* * *
 (C)(1) Whoever violates division (A) of this section is guilty of soliciting, a misdemeanor of the third degree.
The Revised Code defines the term `sexual activity' as "sexual conduct or sexual contact, or both" R.C. 2907.01(C). `Sexual conduct' is defined to include "fellatio * * * between persons regardless of sex * * *". R.C. 2907.01(A). Finally, the Revised Code defines `sexual contact' as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 Appellant argues that the evidence does not demonstrate he solicited Tina Burd for sexual activity for hire. In support, he cites 4 OJI Criminal 507.24, wherein `solicit' means, to entice, urge, lure or ask. Appellant claims that Tina initiated the conversation concerning both sexual activity and money. Appellant further claims that it was Tina, through her conduct and words, that enticed, urged, lured or asked him if he was willing to hire her to engage in sexual activity. The record, however, reflects otherwise and, thus, we disagree with Appellant's argument.
At trial, Tina testified she was working undercover posing as a prostitute at the intersection of Main Street and Vine Street on October 10, 1999. On that date, Tina witnessed Appellant circle the block several times in a period of approximately ten minutes. Subsequently, Appellant pulled into a parking lot across the street from Tina and then motioned for her to come to his car. Tina testified that Appellant became suspicious and asked her several times whether she was a police officer. Tina stated that she was not and then asked Appellant whether he was looking for a good time. Tina testified that Appellant then offered her ten dollars for a "BJ", which she understood to be a slang term for oral sex.
Additionally, Officer Michael Koenig of the Lima Police Department testified he was involved in the undercover prostitution sting near the intersection of Main Street and Vine Street on October 10, 1999. Officer Koenig stated that he was on the inside of an apartment building observing Tina and monitoring her conversation with Appellant.
Officer Koenig testified that he observed Tina approach Appellant's car and heard Appellant offer Tina ten dollars for a "BJ", which he also understood to mean oral sex. Tina then stated that she might perform the act for twenty dollars and then asked Appellant whether he had the money. Appellant replied that he would have to go to an ATM machine to get the money, at which point Officer Koenig placed Appellant under arrest. According to Officer Koenig's testimony, Appellant was the first person to mention money and was the first person to propose any sexual activity.
In addition to the aforementioned testimony, the record contains an audio recording of the conversation between Tina and Appellant. Officer Koenig testified that the recording accurately reflects the conversation between Tina and Appellant on October 10, 1999. The recording of the conversation demonstrates that Appellant asked Tina if he could get a "BJ" for ten dollars and, thus, supports the testimony of both Tina and Officer Koenig.
After reviewing the record, weighing the evidence and considering the credibility of the witnesses, we find that the trial court did not clearly lose its way pursuant to Thompkins, supra. The record adequately demonstrates that Appellant's conduct constitutes solicitation within the purview of the statute. This is evidenced by the fact that Appellant initiated contact with Tina by motioning her to his car and then asking her whether she would perform fellatio on him in exchange for money.
In so holding, we are not persuaded by Appellant's argument that Tina initiated the conversation and the offer to engage in sexual activity for hire. Such a scenario might be relevant with respect to a defense of entrapment; however, that issue is not before us.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by App.R. 27, or by any other provision of law, and also furnish a copy of this journal entry directly to the trial judge.
Judgment affirmed.
HADLEY, P.J. and BRYANT, J., concur.